UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re: Kimberly Fasciglione,

                            Debtor.

Chapter 7

Case No.: 24-10810 (JPM)

-------------------------------------------------------------x

NY Tower Capital LLC,

                            Plaintiff,

       – v –

Kimberly Fasciglione, et al.,

                            Defendants.

Adv. Pro. No. 24-1364 (JPM)

-------------------------------------------------------------x

### MEMORANDUM OPINION AND ORDER ON MOTION OF PARKER HART LIMITED PARTNERSHIP AND VITO FASCIGLIONE HOLDINGS 24 INC. FOR ABSTENTION OR, IN THE ALTERNATIVE, TO INTERVENE IN THE ADVERSARY PROCEEDING

**APPEARANCES:**

**LAW OFFICES OF AVRUM J. ROSEN, PLLC**
*Counsel for Parker Hart Parker Hart Limited Partnership and Vito Fasciglione Holdings 24 Inc.*
38 New Street
Huntington, New York 11743
By:    Avrum J. Rosen, Esq.
         Alex E. Tsionis, Esq.

**BUTLER, FITZGERALD, FIVESON & MCCARTHY, P.C.**
*Counsel for NY Tower Capital LLC*
Nine East 45th Street
Ninth Floor
New York, NY 10017
By:    David K. Fiveson

**WINDELS MARX MITTENDORF & LANE, LLP**
*Counsel for Alan Nisselson, Chapter 7 Trustee*
156 West 56th Street
New York, NY 10006
By:    Leslie S. Barr

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is *THE MOTION OF PARKER HART LIMITED PARTNERSHIP AND VITO FASCIGLIONE HOLDINGS 24 INC. FOR ABSTENTION, OR, IN THE ALTERNATIVE, TO INTERVENE IN THE ADVERSARY PROCEEDING* (the "Abstention Motion") filed by Vito Fasciglione Holdings 24 Inc. and Parker Hart Limited Partnership. [Doc. 7].[1] The Abstention Motion seeks to have this Court (i) abstain from hearing the adversary proceeding *NY Tower Capital LLC v. Kimberly Fasciglione, et al.*, Case No. 24-1364 (June 4, 2024) (the "Adversary Proceeding") in accordance with 28 U.S.C. § 1334 [Abstention Motion, Doc. 7, p. 1], as a virtually identical matter is already pending in the Supreme Court of the State of New York, County of Westchester (the "State Court"), Index No. 65148/2023 (the "State Court Action") [*id.* at p. 2]; or alternatively, (ii) allow Parker Hart Limited Partnership ("Parker Hart") and Vito Fasciglione Holdings 24 Inc. ("Holdings 24") to intervene in the Adversary Proceeding pursuant to Federal Rule of Bankruptcy Procedure 7024. [*Id.* at pp. 1–2].

Submitted in opposition to the Abstention Motion is the *OPPOSITION TO MOTION OF PARKER HART LIMITED PARTNERSHIP AND VITO FASCIGLIONE HOLDINGS 24 INC. FOR ABSTENTION OR IN THE ALTERNATIVE TO INTERVENE IN THE ADVERSARY PROCEEDING* (the "Abstention Objection") filed by NY Tower Capital LLC. [Doc. 12].

Finally, filed in response to the Abstention Objection is the *REPLY TO THE OBJECTION TO THE MOTION FOR ABSTENTION, OR IN THE ALTERNATIVE, TO INTERVENE IN THE*

---

[1] Unless otherwise specified, references to "[Doc. __]" are to filings entered on the docket in *NY Tower Capital LLC v. Kimberly Fasciglione, et al.*, Case No. 24-1364 (June 4, 2024). References to "[Ch. 7 Dkt., Doc. __]" are to filings entered in the bankruptcy case *In re: Kimberly Fasciglione*, Case No. 24-10810 (May 9, 2024).

2

*ADVERSARY PROCEEDING* (the "Objection Response") filed by Parker Hart and Holdings 24. [Doc. 14].

After careful consideration, and for the reasons set forth below, the Abstention Motion is GRANTED, and the Court will therefore ABSTAIN from hearing the Adversary Proceeding.

## I.   BACKGROUND

### A.   THE RELEVANT TRANSACTIONS AND PROCEEDINGS

This multi-party dispute essentially revolves around a single piece of real property. In November 2014 and July 2016, Parker Hart made a series of loans to Holdings 24. [Abstention Motion, Doc. 7, p. 3]. The loans were secured by the Debtor Kimberly Fasciglione's personal guarantee of repayment through a stock pledge agreement against her ownership interest in Holdings 24 (the "Holdings Stock Pledge"). [*Id.*]. At the time the loans were made, Holdings 24 was the owner of the real property located at 24 Williams Street, Yonkers, NY 10701 (the "Williams Street Property"). [*Id.*]. Eventually, Holdings 24 defaulted on the loans, and Debtor herself subsequently defaulted on the guarantee, resulting in Parker Hart obtaining a judgment lien in state court against the Debtor in the amount of $851,695.22, plus interest, costs and disbursements. [*Id.*].

After years of attempting to collect on the debt, Parker Hart obtained an injunction in February 2021 (the "State Court Injunction") that purportedly prohibited the Debtor from exercising any "authority, business, transactions, decision making or management" over the shares in Holdings 24 held in her name. [*Id.* at pp. 3–4]. Despite this order, the Debtor transferred the Williams Street Property to Hudson Capital Holdings LLC ("Hudson Capital"), an entity in which, at the time, Debtor held a 100% ownership interest. [*Id.* at p. 4]. While Parker Hart contends otherwise, NY Tower Capital LLC ("NY Tower") asserts that Parker Hart was aware of and

3

consented to said transfer based on email communications sent in 2021 between NY Tower's principal and counsel to Parker Hart. [Abstention Objection, Doc. 12, p. 7].

On July 20, 2021, following the transfer, the Debtor signed a note on behalf of Hudson Capital, evidencing a loan made by NY Tower to Hudson Capital in the principal amount of $1,250,000. [*See* Doc. 1 ("Complaint"), p. 2]. This loan was purportedly secured by a mortgage on the Williams Street Property. [*Id.*]. In addition, the Debtor provided NY Tower with further securitization for the loan by pledging her 100% membership interest in Hudson Capital through a pledge and security agreement (the "NY Tower Pledge Agreement"). [Complaint, Doc. 1, p. 3]. Hudson Capital eventually defaulted on its loan. [*Id.*]. Shortly thereafter, NY Tower took action to exercise its rights pursuant to the NY Tower Pledge Agreement. [*Id.*]. Ultimately, the Debtor's membership interest in Hudson Capital was sold at public UCC auction, wherein NY Tower was the successful bidder and thus became the owner of 100% of the membership in Hudson Capital. [*Id.*]. NY Tower promptly recorded with the Westchester County Clerk's Office a declaration stating that it was the successful bidder and that it now owned the shares in Hudson Capital (the "NY Tower Shares Declaration"). [*Id.*].

On August 14, 2023, NY Tower commenced the State Court Action (*NY Tower Capital LLC against Hudson Capital Holdings, LLC and Kimberly Fasciglione*, Index No. 65148/2023), in which NY Tower sought to "obtain a declaratory judgment that it is the sole owner of the membership interest in Hudson and to quiet title to the [Williams Street Property]." [Abstention Motion, Doc. 7, p. 2]. Based on its contention that the transfer of the Williams Street Property from Holdings 24 to Hudson Capital was improper, Parker Hart filed a motion to intervene in the State Court Action (the "State Court Intervention Motion"). [*Id.* at p. 6; *see also* Abstention Objection, Doc. 12, p. 3]. However, on May 9, 2024, before the State Court Intervention Motion

4

could be heard, the Debtor filed the instant chapter 7 bankruptcy case, which stayed the State Court Action. [Abstention Motion, Doc. 7, p. 3; Abstention Objection, Doc. 12, p. 3]. In Schedule A/B attached to her petition, the Debtor lists Hudson Capital as currently holding title to the Williams Street Property and lists herself as retaining a 100% ownership interest in Hudson Capital. [Ch. 7 Dkt., Doc. 1 (the "Petition"), Schedule A/B, ¶ 19].

### B.  THE ADVERSARY PROCEEDING AND INSTANT MOTION

On June 4, 2024, NY Tower filed the Complaint commencing the Adversary Proceeding. [*See generally* Complaint, doc. 1]. The Complaint alleges all of the same general facts described above and in the State Court Action regarding the NY Tower Pledge Agreement, the default on the loan, and the UCC sale. [*See supra*, Part (I)(A)]. NY Tower asserts that despite these facts, the Debtor "erroneously alleges in her Chapter 7 Petition that she owns 100% of the membership interest in Hudson Capital." [Complaint, Doc. 1, p. 4]. This allegedly contradicts the NY Tower Shares Declaration, which, as previously mentioned, declares NY Tower to own 100% of Hudson Capital. [*Id.* at p 3]. NY Tower's Complaint seeks: (1) a declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.* that "it is the sole owner of the membership interest in Hudson Capital;" (2) a declaration that "such membership interest is not an asset of the Chapter 7 estate;" and (3) a bar to the chapter 7 trustee (the "Trustee") or "any person claiming an interest in Hudson Capital by or through the [Trustee]" from filing any claim "which is adverse or in derogation of NY Tower's ownership of the 100% membership interest in Hudson Capital." [*Id.*].

On July 5, 2024, Parker Hart filed the Abstention Motion. [Doc. 7]. In the Abstention Motion, Parker Hart asserts that "the relief sought in the Adversary Proceeding appears to be virtually identical to the relief sought in the State Court Action." [Abstention Motion, Doc. 7, p.

5]. Parker Hart further argues that it moved to intervene in the State Court Action as well, and thus that it should have been named as a defendant in *this* Adversary Proceeding. [*Id.* at p. 6].

Based on its allegations, Parker Hart seeks two forms of relief. First, Parker Hart asks the Court to abstain from hearing the Adversary Proceeding pursuant to the permissive abstention principles set forth in 28 U.S.C. §1334(c)(1). [*Id.* at p. 1]. Parker Hart analyzes the twelve factors for permissive abstention discussed in *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 332 (S.D.N.Y. 2003) and asserts that an analysis of these factors weighs in favor of this Court abstaining from hearing the Adversary Proceeding. [Abstention Motion, Doc. 7, p. 7].

Second, Parker Hart argues that, if the Court decides not to permissively abstain and proceeds with the Adversary Proceeding, Parker Hart is entitled to intervene pursuant to Federal Rule of Bankruptcy Procedure 7024. [*Id.* at p. 9]. Parker Hart asserts that it satisfies the following requirements under Second Circuit case law to intervene in the Adversary Proceeding: "(1) file timely, (2) demonstrate an interest in the action, (3) show an impairment of that interest arising from an unfavorable disposition, and (4) have an interest not otherwise adequately protected." [*Id.* at pp. 9–10] (citing *Farmland Dairies v. Comm'r of New York State Dep't of Agric. & Markets*, 847 F.2d 1038, 1043 (2d Cir. 1988)).

On August 9, 2024, NY Tower filed the Abstention Objection, arguing that the Abstention Motion "should be denied in all respects," because "[n]either Parker Hart nor [Holdings 24] have any interest in the claims asserted in the adversary proceeding." [Abstention Objection, Doc. 12, p. 2]. NY Tower further asserts that "abstention is not warranted because the adversary proceeding concerns deciding whether an asset claimed by the Chapter 7 debtor is in fact an asset of the Estate." [*Id.*]. Specifically, NY Tower argues that:

> but for NY Tower's filing its adversary proceeding, [Debtor's] false statement in her petition would have remained unknown to the [Trustee]. This material

6

misrepresentation was the precipitating factor that triggered the commencement of the adversary proceeding. Movants' veiled suggestion that NY Tower is somehow 'forum shopping' by commencing its adversary proceeding is false.

[*Id.* at p. 4]. Regarding intervention, NY Tower further states that "the fact Parker Hart may have a claim to sell Ms. Fasciglione's pledged stock in [Holdings 24] (personal property) at a UCC sale, does not devolve into an interest in 24 Williams Street previously owned by [Holdings 24]." [*Id.* at p. 5]. NY Tower claims that Parker Hart and Holdings 24 "should be denied intervention because they have not submitted a proposed intervener pleading and they have no interest in Hudson Capital or 24 Williams Street which is the subject of the adversary proceeding." [*Id.* at p. 11].

On August 20, 2024, the Court held a hearing on the Abstention Motion, at which counsel for Parker Hart, counsel for NY Tower, and counsel for the Trustee (who is named as a defendant in the Adversary Proceeding) appeared.

## II.   DISCUSSION

### A.   JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1) and the Amended Standing Order of Reference dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### B.   PERMISSIVE ABSTENTION

Pursuant to 28 U.S.C. § 1334(c), a bankruptcy court may permissively abstain from hearing a matter, and in certain instances, abstention is mandatory. *See* 28 U.S.C. § 1334(c). Here, Parker Hart and Holdings 24 have only moved for permissive abstention. [Abstention Motion, Doc. 7, p. 1]. Permissive abstention is governed by 28 U.S.C. § 1334(c)(1), which provides:

> Except with respect to a case under chapter 15 of title 11, nothing in this section

7

prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). "Title 28 thus provides a means by which a federal court may abstain from hearing a case, regardless of whether that case is core or non-core, so long as that abstention is motivated by a 'respect for State law,' or otherwise serves the interests of justice or comity." *In re JJ Arch LLC.*, No. 24-10381 (JPM), 2024 WL 2933427, at *13 (Bankr. S.D.N.Y. June 10, 2024).

As mentioned above, courts consider several factors when determining whether permissive abstention is appropriate, including:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden [on] the court's docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 332 (S.D.N.Y. 2003) (hereinafter, the "*WorldCom* factors"). As this Court has previously explained:

> an examination of these factors need not be a 'mechanical or mathematical exercise,' and a court need not 'plod through a discussion of each factor' before rendering a decision. Rather, the Section 1334(c)(1) analysis involves a 'thoughtful, complex assessment of what makes good sense in the totality of the circumstances.' The party moving under Section 1334(c)(1) bears the burden of establishing that permissive abstention is warranted.

*In re JJ Arch*, 2024 WL 2933427 at *13 (citing *In re All Year Holdings Ltd.*, 2024 WL 1460157, at *5 (Bankr. S.D.N.Y. Apr. 3, 2024)). In the Abstention Motion, Parker Hart has asserted that

8

*WorldCom* factors (1), (2), (4), (6), and (10) in particular weigh in favor of the Court abstaining from hearing the Adversary Proceeding.[2] [Abstention Motion, Doc. 7, pp. 7–9]. The Court agrees.

1. **The *WorldCom* Factors**

    a) *Factor (1) (the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention)*

The Court finds that factor (1) weighs in favor of abstention. Parker Hart argues that there will be no delay caused by the state court deciding these issues: "while the parties litigate the issues in state court, the Debtor and the Trustee can deal with the administrative part of the Debtor's bankruptcy case in the Bankruptcy Court." [Abstention Motion, Doc. 7, p. 8]. Parker Hart in particular asserts that the issues presented here are already briefed in the State Court Action. [*Id.* at p. 3]. Indeed, the Court finds it would be more efficient for the bankruptcy proceeding as a whole for these issues to move forward in state court, as both parties agree they already would have but for the Debtor's bankruptcy filing. *See supra*, Part (I)(A).

    b) *Factor (2) (the extent to which state law issues predominate over bankruptcy issues)*

As to factor (2), the Court agrees with Parker Hart that, as a decision on NY Tower's ownership claim depends entirely on issues of New York state property law, this second factor weighs in favor of abstention. [*See* Abstention Motion, Doc. 7, p. 8]. Parker Hart correctly asserts that the two forms of relief requested in NY Tower's Complaint—(1) a declaratory judgment seeking to determine the ownership of a membership interest; and (2) a declaratory judgment seeking to quiet title—are both ownership issues that are governed by state property law. [*See* Abstention Motion, Doc. 7, p. 8; *see generally* Complaint, Doc. 1].

---

[2] Parker Hart did not address the other *WorldCom* factors, nor did NY Tower discuss any of the other factors. Accordingly, the Court will only analyze these *WorldCom* factors.

9

Both this Court and other courts in this Circuit have previously abstained from hearing cases centered around issues of purely state law. *See In re JJ Arch*, 2024 WL 2933427 at *14 (finding that the bankruptcy case could not proceed until issues of Debtor's governance were answered, and, as those issues were solely matters of state corporate law, permissive abstention was appropriate); *Fried v. Lehman Bros. Real Est. Assocs. III, L.P.*, 496 B.R. 706, 713 (S.D.N.Y. 2013) (determining that permissive abstention was warranted as the "complaint [was] based entirely on state law, and there [were] no bankruptcy or other federal issues"); *In re Osuji*, 564 B.R. 180, 188-89 (Bankr. E.D.N.Y. 2017), *aff'd sub nom. Osuji v. HSBC Bank, U.S.A., Nat'l Ass'n*, 580 B.R. 605 (E.D.N.Y. 2018) (deciding to permissively abstain from an adversary proceeding where multiple parties, including the debtor, were claiming ownership of real estate on the assumption that the state court was "better equipped for adjudicating the state law foreclosure issues"); *In re Tougher Indus., Inc.*, No. 06-12960-1-REL, 2009 WL 2872842, at *6 (Bankr. N.D.N.Y. Feb. 17, 2009) (permissively abstaining where the "proceedings [were] entirely within the province of state contract law, and there [were] no cognizable bankruptcy issues that need[ed] be resolved in conjunction therewith").

Here, NY Tower asserts that it has standing to bring its claim pursuant to New York Real Property Actions and Proceedings Law Article 15, § 1501 and § 9-617 of the New York State Uniform Commercial Code (the "NY UCC"). [Complaint, Doc. 1, p. 2]. NY Tower seeks a declaratory judgment that it is the successful bidder and owner of the 100% membership interest in Hudson Capital pursuant to the same section of the NY UCC. [Complaint, Doc. 1, p. 4]. Other than its contention that a determination must be made as to whether Hudson Capital and the Williams Street Property are assets of the bankruptcy estate, which depends on the outcome of the State Court Action, NY Tower has only presented issues of state law. Accordingly, the Court finds

10

that *WorldCom* factor (2) weighs in favor of the Court abstaining from hearing the Adversary Proceeding.

      c) *Factor (6) (the degree of relatedness or remoteness of the proceeding to the main bankruptcy case)*

The Court finds that factor (6) likewise supports abstention. Parker Hart argues that the issues in this Adversary Proceeding, which are simultaneously pending in the State Court Action, are "remote to the main bankruptcy case, which is a Chapter 7 bankruptcy liquidation and [have] nothing to do with the success of the Chapter 7 liquidation." [Abstention Motion, Doc. 7, pp. 8–9]. NY Tower, on the other hand, argues that that this matter directly relates to the bankruptcy case as "the adversary proceeding addresses ownership of an asset (Hudson Capital) claimed by the debtor." [Abstention Objection, Doc. 12, p. 12]. However, neither the Trustee nor the Debtor appears to be pursuing the shares of Hudson Capital nor the Williams Street Property as an asset of the bankruptcy estate. Indeed, the Debtor (named as a defendant) has not answered the complaint nor filed anything in the Adversary Proceeding. Without active participation by either the Debtor or the Trustee, the Court would simply be deciding the "respective property rights of two non-debtors" if the Court were to hear the Adversary Proceeding. [Objection Response, Doc. 14, p. 5]. Accordingly, the Court finds the issue of who owns Hudson Capital to be remote from the bankruptcy case.

      d) *Factor (4) (the presence of a related proceeding commenced in state court or other nonbankruptcy court) and factor (10) (the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties)*

The Court finds factor (4)—the existence of a state court proceeding—to be particularly important here. In addition, the issue of forum shopping (*WorldCom* factor (10)) seems to be inextricably intertwined in this case with factor (4), and the Court will address both factors together.

11

Regarding factor (4), Parker Hart asserts that "the Adversary Proceeding is related to the State Court Action as it seeks virtually the identical relief." [Abstention Motion, Doc. 7, p. 8]. Parker Hart further argues that seeking such identical relief within the bankruptcy case "after [Parker Hart and Holdings 24] moved to intervene in the State Court Action" without giving "notice of this Adversary Proceeding to [Parker Hart and Holdings 24]" constitutes forum shopping under factor (10). [*Id.* at p. 9]. NY Tower states in the Abstention Objection that Debtor's inclusion of the Hudson Capital shares in her petition as property of the bankruptcy estate "was the precipitating factor that triggered the commencement of the adversary proceeding," and accordingly, Parker Hart and Holdings 24's "veiled suggestion that NY Tower is somehow forum shopping by commencing its adversary proceeding is false." [Abstention Objection, Doc. 12, p. 4]. After considering both arguments, the Court finds Parker Hart's argument more persuasive.

Bankruptcy courts within this Circuit have often found that permissive abstention is warranted where, as here, a party that has already filed a complaint in state court subsequently files an identical or similar cause of action as a bankruptcy adversary proceeding. *See, e.g., In re AOG Ent., Inc.*, No. 16-11090 (SMB), 2019 WL 1054921, at *10 (Bankr. S.D.N.Y. Mar. 5, 2019) (deciding abstention was appropriate where defendant successfully showed that plaintiff-debtor, who filed both a state court action and separate adversary proceeding, had "bifurcated its claims in order to advance incompatible arguments in separate fora"); *Osuji*, 564 B.R. at 188 (abstaining from hearing an adversary proceeding over title to certain property where a final order had not been entered in pending state court foreclosure action regarding said property, and the bankruptcy court was concerned about the "risk that the federal court and the state court could reach differing conclusions as to [creditor's] right to foreclose on the [property]").

Similarly, in *In re Fierro*, the bankruptcy court permissively abstained from hearing a removed state court action where it appeared the debtors were seeking a different outcome on a seemingly duplicative motion. *In re Fierro*, No. 1-14-41439-NHL, 2015 WL 3465753, at *3 (Bankr. E.D.N.Y. May 29, 2015). In *Fierro*, the debtors as the defendants in a state court action moved to vacate a summary judgment order against them. *Id.* at 2. After the motion to vacate was denied, the debtor-defendants appealed. *Id.* While that appeal was still pending, the debtor-defendants filed a second motion to vacate, allegedly in light of newly-learned facts, and then both debtor-defendants immediately filed for bankruptcy the day after filing the second motion to vacate. *Id.* In response to the debtor-defendants' attempt to then remove the state court action to the bankruptcy court, the state court plaintiff moved for remand back to state court, which the bankruptcy court granted based on a permissive abstention analysis. *Id.* In the decision to permissively abstain from hearing that state court action, the bankruptcy court noted that "the timing of the [s]econd [m]otion to [v]acate, filed only one day prior to the petition dates, raises the specter of forum shopping, especially in light of the Debtors' unsuccessful [f]irst [m]otion to [v]acate." *Id.* at 3.

The Court finds that here, as in *Fierro*, the Adversary Proceeding "raises the specter of forum shopping." Regarding the pursuit of a different outcome in a new forum, Parker Hart suggests that perhaps NY Tower was seeking to avoid Parker Hart's participation in the determination of its declaratory judgment claim, [Abstention Motion, Doc. 7, p. 6], an argument that NY Tower does not refute or address in the Abstention Objection, [*see generally* Abstention Objection, Doc. 12]. NY Tower does, however, indicate in the Abstention Objection it was aware of Parker Hart's request to intervene in the State Court Action. [Abstention Objection, Doc. 12, p. 3]. Furthermore, while NY Tower states that "Movants' veiled suggestion that NY Tower is

13

somehow 'forum shopping' by commencing its adversary proceeding is false," NY Tower does not explain why it did not name Parker Hart in this action. [Abstention Objection, Doc. 12, p. 4]. Instead, NY Tower sets forth a lengthy explanation as to how Parker Hart has no interest in Holdings 24 or the Williams Street Property, and NY Tower fails to establish why the Court should not abstain and why the Adversary Proceeding should go forward in this Court. [*Id.* at pp. 4–6].

The Court thus finds that *WorldCom* factors (4) and (10) also weigh heavily in favor of permissive abstention.

### C. INTERVENTION

The Court's decision to abstain from hearing the Adversary Proceeding renders the intervention issue moot. Furthermore, as that same issue will need to be decided in the State Court Action, the Court finds it would be inappropriate to opine on the issue. Accordingly, the Court will refrain from analyzing the issue of whether to allow Parker Hart to intervene in litigation regarding the ownership of Hudson Capital and the Williams Street Property.

### III. CONCLUSION

For the foregoing reasons, the Abstention Motion is GRANTED. The Court will abstain from hearing the Adversary Proceeding.

**IT IS SO ORDERED.**

New York, New York
Dated: December 20, 2024

                                          /S/ John P. Mastando III
                                          HONORABLE JOHN P. MASTANDO III
                                          UNITED STATES BANKRUPTCY JUDGE